2014 IL App (1st) 131272

FIFTH DIVISION
December 31, 2014

No. 1-13-1272

| | | |
|---|---|---|
| CITIMORTGAGE, INC., Successor by Merger to ABN AMRO Mortgage Group, Inc., | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 11 CH 30642 |
| ROBIN LEWIS, | ) ) | |
| Defendant-Appellant | ) ) ) | |
| (United States of America and Tierra Grande Courts Condominium Association II, | ) ) ) ) | Honorable Alfred M. Swanson, Jr., Judge Presiding. |
| Defendants). | ) ) ) | |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice Palmer and Justice McBride concurred in the judgment and opinion.

## OPINION

¶ 1     This appeal arises from a mortgage foreclosure action involving a property owned by defendant Robin Lewis.  Defendant now appeals from the order of the circuit court of Cook County granting plaintiff CitiMortgage Inc.'s motion to confirm the sale and denying defendant's motion to set aside the sale.  Defendant also appeals the circuit court's denial of her motion to reconsider those orders.  On appeal, defendant asserts that the circuit court erred in failing to

vacate the sale because: (1) she did not receive notice of the foreclosure sale; and (2) the property was sold in material violation of the Federal Housing Administration Home Affordable Modification Program's (FHA-HAMP)[1] requirements. Defendant further contends that the circuit court erred in denying her requests for limited discovery or an evidentiary hearing on the aforementioned issues.

¶ 2 For the reasons that follow, we vacate the circuit court's order of September 20, 2012, and remand the matter for the parties to conduct limited discovery and for the circuit court to hold an evidentiary hearing regarding whether the property was sold in material violation of the FHA-HAMP requirements.

¶ 3                            BACKGROUND

¶ 4 On August 30, 2011, plaintiff filed a mortgage foreclosure complaint alleging defendant was in default for failing to tender the required mortgage payments on a property located at 19408 Hickory Place, Country Club Hills, as of May 1, 2011. The complaint also alleged that the subject mortgage loan was transferred from ABN AMRO Mortgage Group, Inc., to plaintiff, who was now the legal holder of the indebtedness.

¶ 5 On September 29, 2011, defendant filed a *pro se* appearance and answer. On March 23, 2012, a judgment of foreclosure was granted in favor of plaintiff, which provided the property would be sold either at a sheriff's sale or at a judicial sale upon the expiration of the statutory

---

[1] The HAMP is a program under the Making Home Affordable Program (MHAP). *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 1 n.2. The FHA-HAMP is a similar program; however, it applies to mortgages insured by the FHA (Mortgagee Letter 2009-23) whereas HAMP applies to mortgages serviced by participating companies. Different regulations or guidelines govern each program. *Compare* Mortgagee Letters 2012-22 (Nov. 16, 2012), 2009-23 (July 30, 2009); Handbook for Servicers of Non-GSE Mortgages (ver. 4.4, Mar. 3, 2014), available at https://www.hmpadmin.com/portal/programs/guidance.jsp (last visited Dec. 17, 2014).

period of redemption on June 23, 2012.[2]

¶ 6    On June 26, 2012, plaintiff filed a proof of service of the notice of the sale which stated:

> "I, Andrew D. Schusteff, an attorney with Intercounty Judicial Sales Corporation, certify that I served a copy of the attached Notice of Sale by causing to be mailed a copy to the below named parties at the addresses listed below by depositing the same in the U.S. mail, with proper postage prepaid, at 120 West Madison Street, Chicago, Illinois 60602, at 5:00 p.m. on June 20, 2012."

The proof of service indicated a copy was mailed to "Robin Lewis 19408 Hickory Place Country Club Hills, IL 60478." The notice of sale stated the property would be sold at a judicial sale on July 2, 2012, at 11 a.m. The property was subsequently sold to plaintiff as the highest bidder.

¶ 7    Plaintiff's Motion to Confirm the Sale and Defendant's Motion to Set Aside the Sale

¶ 8    On July 13, 2012, plaintiff filed a motion to confirm the sale along with a report of sale and distribution, two publication notices, a receipt of the sale, a certificate of the sale, the notice of the sale, and a proof of service of the notice of the sale. The matter was set for presentation on July 27, 2012.

¶ 9    On July 26, 2012, the Law Offices of Al Hofeld, Jr., LLC, filed an appearance on behalf of defendant as well as a "combined motion to set aside sale and to vacate the judgment entered on March 23, 2012." In her motion, defendant asserted she did not receive notice of the July 2, 2012, sale in violation of section 15-1507(c)(3) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1507(c)(3) (West 2012)). In addition, defendant stated that at the time of the sale she had applied for assistance "under the federal Making Home Affordable

---

[2] The record contains no orders disposing of plaintiff's motion for summary judgment, motion to dismiss unknown tenants, unknown owners and nonrecord claimants, and motion to appoint a selling officer.

Program, and defendant's home was sold in material violation of the program's requirements for proceeding to a judicial sale" in violation of section 15-1508(d-5) of the Foreclosure Law (735 ILCS 5/15-1508(d-5) (West 2012)). Defendant also generally asserted that "justice was not otherwise done in violation of 735 ILCS 5/15-1508."

¶ 10    On July 27, 2012, the circuit court entered a briefing schedule on plaintiff's motion to confirm the sale. Hearing on the motion was scheduled for September 14, 2012. The circuit court's order did not dispose of or set a briefing schedule on defendant's motion to set aside the sale. [3]

¶ 11    On August 24, 2012, defendant filed a "combined response to motion for confirmation and memorandum in support of her motion to set aside sale." Defendant set forth two arguments. First, defendant argued the sale should be set aside pursuant to section 15-1508(c) of the Foreclosure Law because plaintiff did not forward her a notice of the sale nor did she receive a notice of the sale as required by section 15-1507(c)(3). In support of this contention, defendant attached an affidavit in which she claimed she had no knowledge of the sale until two weeks after it occurred. She further averred that she had resided at the property for 12 years, and during that time she had no issues receiving mail. Defendant attested that although she did not receive the notice of the sale, she received the notice of plaintiff's motion to confirm the sale.

¶ 12    Second, defendant contended the sale must be set aside pursuant to section 15-1508(d-5) of the Foreclosure Law because she applied for assistance under the MHAP by submitting two applications for modification under the FHA-HAMP. In support of this contention, defendant averred in an affidavit that she submitted a complete FHA-HAMP application on March 12, 2012. She attached to that affidavit a copy of her application. She did not attach her personal

---

[3] No record of proceedings is contained in the record on appeal for any of the court dates.

tax returns for the years 2009 and 2010, current homeowners' association statements, two recent pay stubs for each of her two jobs, her utility bills, and her two most recent bank statements; however, she did forward these documents to plaintiff. Defendant attested that after being informed by plaintiff that her application had been closed, "On March 23, 2012, I resubmitted my complete HAMP application (Exhibit 1). In addition to the documents attached in Exhibit 1, I submitted the current versions of the documentation listed above that had since expired, including my pay stubs for each of my two jobs and my two most recent bank statements." Defendant further stated that, "In the third week of May 2012, I received two letters from CitiMortgage stating that it needed additional information. On May 25, 2012, I submitted this documentation, including requests for verification of employment (true and correct copies are attached hereto as Exhibit 2), an updated homeowners insurance declaration and proof of child support."

¶ 13    Defendant further alleged in her combined response and memorandum that plaintiff sold the property in material violation of the FHA-HAMP's requirements for proceeding to a foreclosure sale, because the protocol in effect at the time provided that the mortgagee "not proceed with the foreclosure sale until the mortgagor has been evaluated for the program and, if eligible, an offer to participate in the FHA-HAMP has been made." Defendant asserted that on June 27, 2012, five days before the sale occurred, plaintiff mailed her a letter stating it was reviewing her application, thus acknowledging that it had not completed its review under the HAMP. In addition, defendant asserted that plaintiff's correspondence stating defendant's income was insufficient was untrue, as defendant received irregular paychecks from one job and child support that were not correctly considered in plaintiff's determination of her eligibility under the FHA-HAMP.

¶ 14    Attached to defendant's combined response and motion were three letters from plaintiff. The first letter, dated June 22, 2012, denied defendant's request to be placed in a "hardship assistance program offered through Citi."  The letter explained that defendant's request was denied because "FHA Modification requirements not met:  current income insufficient to offer an affordable payment solution."  The second letter of June 25, 2012, denied defendant's request to be placed in a "hardship assistance program offered through Citi."  The letter explained that defendant's request was denied because "FHA Home Affordable Modification Program requirements not met:  insufficient income."  The third letter, dated June 27, 2012, thanked defendant for submitting her request "to participate in a foreclosure prevention program."  The letter explained, "The expected timeframe needed to complete the review is 30 calendar days from the date of this letter."  The letter indicated that defendant may have to provide additional information and that "foreclosure activity may continue until a foreclosure prevention program has been approved or completed, depending on the type of solution offered."

¶ 15    In reply, plaintiff asserted that the notice of sale was properly forwarded to defendant.  In support of this contention, plaintiff attached the certificate of service executed by an attorney, who stated that he placed a copy of the notice of the sale in an envelope with proper postage and mailed the envelope via United States mail on June 20, 2012, to defendant at the property address.  Plaintiff argued the mailing of its notice was proper, and service of the notice cannot be frustrated by defendant's allegation that such notice was not received.

¶ 16    Regarding defendant's second contention, plaintiff asserted defendant did not establish when the HAMP application was submitted, as defendant failed to provide a dated fax coversheet and proof of transmission of the fax.[4]  In addition, plaintiff asserted that defendant

_____

[4] Plaintiff refers to defendant attempting to submit a "HAMP" application in its reply to

did not attach a complete application and did not provide an explanation as to why those documents were not attached. Plaintiff also argued it was entitled to conduct the July 2, 2012, sale because under section 3.3 of chapter II of the HAMP Guidelines then in force, the servicer may proceed to a foreclosure sale in cases where the borrower's initial package was received prior to the deadline but where the borrower was determined to be ineligible for relief under the HAMP.

¶ 17    On September 14, 2012, the hearing date for plaintiff's motion to confirm the sale, the circuit court granted defendant's motion for extension of time to file a reply in support of her motion to set aside sale *instanter*. The hearing was continued to September 20, 2012.

¶ 18    Defendant's reply in support of the motion to set aside the sale asserted the proof of service of the notice of sale was insufficient to establish that the notice was actually forwarded to the defendant. First, defendant asserted the notice of the sale indicated it was mailed on June 20, 2012, but it was not filed until three weeks later. Second, defendant questioned whether the attorney who signed the proof of service had personal knowledge of the mailing. Third, defendant argued that "the proof of service appears to be signed electronically" which calls into question the weight the court should give to the proof of service. Defendant emphasized that she submitted an affidavit that stated she never received a copy of the notice of sale.

¶ 19    In addition, defendant argued she met her burden to set aside the sale based on section 15-1508(d-5) of the Foreclosure Law, as she demonstrated that she applied for assistance under FHA-HAMP on three occasions: March 12, March 23, and May 25, 2012. Defendant asserted she established her home was sold in material violation of the FHA-HAMP's requirements, as plaintiff offered no evidence that it had properly evaluated defendant for a FHA-HAMP

_____

the motion despite acknowledging that defendant had an FHA loan.

modification. Defendant also pointed out that the HAMP Guidelines are inapplicable to FHA-HAMP applications. Defendant further requested the court allow the parties to conduct additional discovery or have an evidentiary hearing on the issues presented.

¶ 20    Attached to defendant's reply was a supplemental affidavit of defendant, which stated that she was "not able to attach all of the documents [she] submitted with all of [her] applications to [her] Original Affidavit because, after submitting the application to CitiMortgage, [she] unassembled the applications and filed the supporting documents away in [her] home office. However, if given an opportunity, [she] can produce those documents for the Court's review." Defendant further averred that a housing counselor had informed her that based on the same income and expense information she provided to plaintiff that she "was qualified for a HAMP modification."

¶ 21    On September 20, 2012, the circuit court entered the following order, which stated in full:

"This matter comes to be heard on defendant's motion to set aside sale & plaintiff's motion to confirm sale, the court being advised in the premises, it is hereby ordered: (1) Defendant's motion to set aside sale is denied; (2) Plaintiff's motion to confirm sale is granted by separate order."

The order confirming the sale was entered and provided that possession by plaintiff was stayed for 60 days.

¶ 22                         Defendant's Motion to Reconsider

¶ 23    On October 22, 2012, defendant filed a motion to reconsider the order of September 20, 2012, in which she argued that the circuit court "fundamentally erred in its application of the standards under the Illinois Mortgage Foreclosure Law *** and applicable case law." Defendant reiterated the same arguments regarding the notice of the sale and her FHA-HAMP application.

Defendant also requested that the circuit court grant the parties limited discovery or conduct an evidentiary hearing on the issues presented.

¶ 24    On January 28, 2013, a briefing schedule was set on defendant's motion to reconsider and the matter was set for hearing on March 19, 2013.  The scheduling order further stayed enforcement of the order for possession of the property pending the court's ruling on defendant's motion to reconsider.  The circuit court subsequently denied defendant's motion to reconsider and stayed possession of the property by plaintiff through April 18, 2013.  The order did not set forth a reason the motion was denied.

¶ 25    On April 17, 2013, defendant timely filed her notice of appeal.  On April 19, 2013, the circuit court granted defendant's motion to stay enforcement of the judgment pending the appeal and ordered defendant to post an appeal bond.

¶ 26                                        ANALYSIS

¶ 27    Defendant primarily contends on appeal, that the sale should have been vacated because: (1) she was not provided notice of the sale as required by section 15-1507(c)(3) of the Foreclosure Law (735 ILCS 5/15-1507(c)(3) (West 2012)); and (2) pursuant to section 15-1508(d-5) of the Foreclosure Law (735 ILCS 5/15-1508(d-5) (West 2012)) she proved by preponderance of the evidence that she applied for assistance under the MHAP and that plaintiff sold the property in violation of the MHAP.  Defendant further asserts the circuit court erred in denying her requests for limited discovery and for an evidentiary hearing on these issues.  We consider defendant's contentions in turn.

¶ 28                                   Standard of Review

¶ 29    Defendant appeals the order granting plaintiff's motion to confirm the sale and denying her motion to set aside the sale.  Defendant asserts that the standard of review is *de novo*, as the

circuit court heard no testimony and based its determination entirely on documentary evidence. Defendant relies on *NAB Bank v. LaSalle Bank, N.A.,* 2013 IL App (1st) 121147, ¶ 14, in support of this contention. In *NAB Bank*, the reviewing court considered whether the circuit court erred in failing to set aside a levy sale based on the defendant's argument that the inadequacy of the sale price rendered the sale unconscionable under section 12-144.5 of the Illinois Code of Civil Procedure (735 ILCS 5/12-144.5 (West 2010)). *NAB Bank*, 2013 IL App (1st) 121147, ¶ 6. Although the court examined the Foreclosure Law to assist in resolving the issues presented, it did not consider a motion to set aside the sale pursuant to the Foreclosure Law. *Id.* ¶ 13. Accordingly, the standard of review employed in *NAB Bank* is inapplicable to the present matter.

¶ 30 Defendant further relies on *Candice Co. v. Ricketts*, 281 Ill. App. 3d 359, 362 (1996) for the proposition that a report of proceedings is not required when applying the *de novo* standard of review. While we agree with *Ricketts* that the report of proceedings on a motion to dismiss a mechanics lien claim would not aid the reviewing court, we find the procedural posture of *Ricketts* inapposite to the case at bar and, therefore, decline to find it applicable to the instant matter. *Id.*

¶ 31 It is well settled that a motion to vacate the sale pursuant to section 15-1508(b) is within the court's discretion to either grant or deny and will not be disturbed absent an abuse of that discretion. *Deutsche Bank National v. Burtley*, 371 Ill. App. 3d 1, 5 (2006) (reviewing a trial court's decision to deny the defendant's motion to vacate the sale without an evidentiary hearing for an abuse of discretion); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4 (2010) ("Section 15-1508(b) of the Foreclosure Law confers broad discretion on circuit courts in approving or disapproving judicial sales ***."). Similarly, the standard of review for a motion to confirm the sale is also an abuse of discretion. *Household Bank, FSB v.*

*Lewis*, 229 Ill. 2d 173, 178 (2008). Accordingly, where, as here, the plaintiff has filed a motion to confirm sale and the defendant thereafter files a motion to set aside the sale, the standard of review for both motions is an abuse of discretion. *Burtley*, 371 Ill. App. 3d at 5; *Lewis*, 229 Ill. 2d at 178. "The circuit court abuses its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court." *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 18; *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 18. The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale. *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.[5]

¶ 32    We now turn to address the substance of defendant's arguments on appeal. We first consider whether defendant was properly provided notice of the foreclosure sale.

¶ 33                                    Notice of the Sale

¶ 34    Defendant argues that the July 2, 2012, sale must be vacated because she did not receive notice of the sale pursuant to section 15-1507(c)(3) of the Foreclosure Law (735 ILCS 5/15-1507(c)(3) (West 2012)). Defendant contends that the circuit court erred in failing to give any consideration to her affidavit in which she averred she never received the notice of the sale.

¶ 35    Plaintiff responds that the notice of the sale was properly mailed to defendant in accordance with Illinois Supreme Court Rules 11 and 12 (eff. Dec. 29, 2009). Plaintiff contends

---

[5] We note that defendant's motion requested the sale be vacated pursuant to sections 15-1508(c) and 15-1508(d-5) of the Foreclosure Law (735 ILCS 5/15-1508(c), (d-5) (West 2012)) and not section 15-1508(b) of the Foreclosure Law (735 ILCS 5/15-1508(b) (West 2012)). Although the parties did not address this distinction in their briefs, we will review the circuit court's determination for an abuse of discretion, as we have previously held that section 15-1508(d-5) provides an alternate vehicle under which a court must set aside the sale if all the statutory requirements are met. *Bermudez*, 2014 IL App (1st) 122824, ¶ 59. Additionally, defendant's notice argument is grounds for vacating the sale under section 15-1508(b)(i) and, therefore, is similarly reviewed for an abuse of discretion. 735 ILCS 5/15-1508(b)(i) (West 2012).

that defendant's mere assertion that she did not receive the notice is insufficient to demonstrate that service was inadequate. Plaintiff maintains that proof of receipt of the notice is not required by the Illinois Supreme Court Rules, and, in fact, proof of service of the notice of the sale as required under Rule 12(b)(3) was established through the affidavit of an attorney.

¶ 36    Section 15-1508(b) of the Foreclosure Law provides that the circuit court shall confirm the foreclosure sale unless the court finds that the notice required by section 15-1507(c) was not given. 735 ILCS 5/15-1508(b)(i) (West 2012). If a foreclosure sale is held that was not in compliance with section 15-1507(c), the party that was entitled to notice and "who was not so notified may, by motion supported by affidavit made prior to confirmation of such sale, ask the court which entered the judgment to set aside the sale." 735 ILCS 5/15-1508(c) (West 2012).

¶ 37    Two types of notice are required by section 15-1507(c): (1) public notice; and (2) individual notice to all parties in the action who have appeared and have not been found in default. 735 ILCS 5/15-1507(c)(2), (3) (West 2012).[6] Regarding individual notice, the statute provides that the "notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sale." 735 ILCS 5/15-1507(c)(3) (West 2012). After notice is given, "a copy thereof shall be filed in the office of the clerk of the court entering the judgment, together with a certificate of counsel or other proof that notice has been served in compliance with this Section." *Id.*

¶ 38    The applicable rules of the court for service of papers other than process and the complaint are Illinois Supreme Court Rules 11 and 12 (eff. Dec. 29, 2009). Illinois Supreme Court Rule 11 sets forth multiple means of effectuating proper service. See Ill. S. Ct. R. 11 (eff.

---

[6] The issue of whether public notice was properly provided is not contested by the parties.

Dec. 29, 2009). The portion of Rule 11 relevant to this appeal provides that documents shall be served "by depositing them in a United States post office or post office box, enclosed in an envelope, plainly addressed to the attorney at the attorney's business address, or to the party at the party's business address or residence, with postage fully prepaid." Ill. S. Ct. R. 11(b)(3) (eff. Dec. 29, 2009). Illinois Supreme Court Rule 12 provides that service is proved:

> "in case of service by mail or by delivery to a third-party commercial carrier, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail or delivered the paper to a third-party commercial carrier, stating the time and place of mailing or delivery, the complete address which appeared on the envelope or package, and the fact that proper postage or the delivery charge was prepaid." Ill. S. Ct. R. 12(b)(3) (eff. Dec. 29, 2009).

¶ 39    "There is a presumption of delivery if sent by regular mail directed to a proper address. Where the rules provide for that method of service, notice is thus satisfied by use of regular mail." *In re Marriage of Betts*, 159 Ill. App. 3d 327, 332 (1987). Otherwise, "If the proper giving of the notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method." *Bernier v. Schaefer*, 11 Ill. 2d 525, 529 (1957). "Although minor defects will be excused, proof of proper service by mail must be made in substantial compliance with the requirements of Supreme Court Rule 12 [citation]." *Ingrassia v. Ingrassia*, 156 Ill. App. 3d 483, 502 (1987). " 'Service is complete when all the required acts are done. So, if all that the statute requires is done, it is immaterial that defendant in fact receives no actual notice thereof; and the fact that he does not thereafter personally receive the papers which were so served or that he receives them at a later date ordinarily does not affect the validity of the service.' " *French v.*

*French*, 43 Ill. App. 2d 29, 36 (1963) (quoting 72 C.J.S. *Process* § 43, at 1054).

¶ 40    Defendant relies on *Cragin Federal Bank For Savings v. American National Bank & Trust Co. of Chicago*, 262 Ill. App. 3d 115, 120 (1994) and *GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978, 996 (2008) (*overruled on other grounds by BAC Home Loan Servicing, LP v. Mitchell*, 2014 IL 116311), for the proposition that she is entitled to "receive" notice pursuant to section 15-1507(c)(3) of the Foreclosure Law.[7]  Defendant relies on the language of these two decisions which states that, "A party who fails to *receive* the individual notice 'may, by motion *** made prior to confirmation of [the] sale, ask the court which entered the judgment to set aside the sale.' " (Emphasis added.)  *Marzano*, 385 Ill. App. 3d at 996 (quoting 735 ILCS 5/15-1508(c) (West 2006)); *Cragin Federal Bank For Savings*, 262 Ill. App. 3d at 120 ("Under the Foreclosure Law, a party who was entitled to notice of a sale but who did not receive such notice is entitled to have the sale set aside.").  In each decision, the reviewing court cited section 15-1508(c) for this proposition.  Section 15-1508(c), however, does not employ the word "receive," but instead states, "If any sale is held without compliance with subsection (c) of Section 15-1507 of this Article, *any party entitled to the notice provided for in paragraph (3) of that subsection (c) who was not so notified* may, by motion supported by affidavit made prior to confirmation of such sale, ask the court which entered the judgment to set aside the sale."  (Emphasis added.)  735 ILCS 5/15-1508(c) (West 2012).  The provisions of section 15-1507(c)(3) require the notice of the sale to be sent pursuant to Illinois Supreme Court

---

[7] The matter at issue in *Cragin Federal Bank For Savings*, however, was not whether the mortgagor received individual notice of the judicial sale, but instead whether the mortgagee provided proper public notice of the sale.  The issue specifically was whether the mortgagee's failure to publish the notice of the judicial sale on the third consecutive week invalidated the sale.  *Cragin Federal Bank For Savings*, 262 Ill. App. 3d at 119.  The reviewing court held that it did not.  *Id.* at 121.  In *Marzano*, the mortgagor asserted the mortgagee did not comply with the public notice requirements applicable when a judicial sale is postponed and, accordingly, the facts of that case are equally inapposite to the case at bar.  *Marzano*, 385 Ill. App. 3d at 996.

Rules 11 and 12. 735 ILCS 5/15-1507(c)(3) (West 2012). Those rules do not require the notice be received by the defendant. See Ill. S. Ct. Rs. 11, 12 (eff. Dec. 29, 2009). Accordingly, defendant's reliance on *Cragin Federal Bank For Savings* and *Marzano*, as well as her arguments that she demonstrated she never received the notice of sale, are misplaced.

¶ 41     The issue, instead, is whether plaintiff "so notified" defendant pursuant to the pertinent Illinois Supreme Court Rules. 735 ILCS 5/15-1507(c)(3) (West 2012). The record here reveals that plaintiff complied with Illinois Supreme Court Rules 11 and 12. The proof of service by mail, filed on June 26, 2012, stated that an attorney deposited the notice of sale in the U.S. mail with postage prepaid at 5 p.m. on June 20, 2012, at 120 West Madison Street in Chicago. The proof of service further stated that the attorney mailed a copy to defendant at the property address. The record indicates that this address was the same as the one provided in her answer to the complaint. Although the proof of service does not state that the notice was placed in an envelope, minor defects will be excused where service was made in substantial compliance with Illinois Supreme Court Rule 12. See *Ingrassia*, 156 Ill. App. 3d at 502. Based on the record, we find that plaintiff's proof of service was in substantial compliance with Illinois Supreme Court Rules 11 and 12. We further find that defendant's assertion that she had not received a copy of the notice of the sale is insufficient under Illinois law to justify any suggestion that the sale must be vacated. See *Bernier*, 11 Ill. 2d at 529; *French*, 43 Ill. App. 2d at 36. Accordingly, the circuit court did not abuse its discretion when it denied defendant's motion to set aside the sale and granted the motion to confirm the sale on this basis.

¶ 42     Defendant further contends the circuit court erred by failing to allow limited discovery or to conduct an evidentiary hearing on the notice issue. We review a circuit court's discovery rulings for an abuse of discretion. *Redelmann v. Claire-Sprayway, Inc.*, 375 Ill. App. 3d 912,

927 (2007). Whether to hold an evidentiary hearing "is left to the sound discretion of the circuit court." *Burtley,* 371 Ill. App. 3d at 6.

¶ 43    As previously discussed, the record includes a notice of the sale and proof of service of notice of the sale which comply with Illinois Supreme Court Rules 11 and 12. As these documents were before the circuit court and clearly established plaintiff's compliance with the notice requirements of section 15-1507(c)(3), we conclude the circuit court did not abuse its discretion in denying defendant's request to conduct limited discovery or an evidentiary hearing on the notice issue.

¶ 44                                    FHA-HAMP

¶ 45    On appeal defendant contends that the circuit court erred in denying her motion to set aside the sale and granting plaintiff's motion to confirm the sale because she proved by a preponderance of the evidence that the requirements of section 15-1508(d-5) (735 ILCS 5/15-1508(d-5) (West 2012)) were met. Specifically, defendant asserts she proved she applied for assistance under the FHA-HAMP and that the property was sold in material violation of the FHA-HAMP. Defendant maintains that plaintiff acknowledged receipt of her application in the June 27, 2012, letter and that she submitted all of the required documentation. Additionally, defendant asserts her property was sold in material violation of the FHA-HAMP's requirements, as plaintiff proceeded to the sale while she was still being evaluated for the program. Defendant maintains that according to the FHA-HAMP's requirements, lenders are required to review a loan modification request prior to a foreclosure sale and are prohibited from proceeding to a foreclosure sale until the mortgagor has been evaluated for the program. Mortgagee Letter 2009-23, Guidelines for FHA-HAMP, 4 (July 30, 2009); Questions and Answers:  Mortgagee Letter 2009-23 (July 30, 2009). Lastly, defendant asserts the circuit court abused its discretion when it

declined to allow limited discovery or hold an evidentiary hearing regarding this issue.

¶ 46    Plaintiff responds that defendant did not meet her burden of proof that she applied for assistance under the FHA-HAMP.  Plaintiff asserts the June 27, 2012, letter to defendant did not demonstrate defendant had applied for the FHA-HAMP, as the letter "simply acknowledges that Ms. Lewis submitted a request to participate in a 'foreclosure prevention program,' and states that 'CitiMortgage has received your information and it has been forwarded for review.' "  Plaintiff further argues that defendant's affidavit is insufficient, as it contains conclusory statements that she submitted a complete application, but does not attach the entire application.  Plaintiff concludes that because defendant cannot demonstrate she applied for assistance under the FHA-HAMP, it follows that defendant cannot prove that plaintiff materially violated FHA-HAMP requirements.

¶ 47    The relevant portion of section 15-1508(d-5) provides:

> "The court that entered the judgment shall set aside a sale held pursuant to Section 15-1507, upon motion of the mortgagor at any time prior to the confirmation of the sale, if the mortgagor proves by a preponderance of the evidence that (i) the mortgagor has applied for assistance under the Making Home Affordable Program [(MHAP)] established by the United States Department of the Treasury pursuant to the Emergency Economic Stabilization Act of 2008, as amended by the American Recovery and Reinvestment Act of 2009, and (ii) the mortgaged real estate was sold in material violation of the program's requirements for proceeding to a judicial sale." 735 ILCS 5/15-1508(d-5) (West 2012).

The FHA-HAMP is a loss mitigation program under the MHAP that was created to assist FHA mortgagors.  Mortgagee Letter 2009-23 (July 30, 2009).  Accordingly, section 15-1508(d-5) of

the Foreclosure Law applies to the FHA-HAMP. In order to "apply for assistance under MHAP" pursuant to section 15-1508(d-5) the borrower must submit the documentation required by the servicer to determine the borrower's eligibility and verify his or her income. *Bermudez*, 2014 IL App (1st) 122824, ¶ 66 (construing whether a defendant applied for assistance under the HAMP for the purposes of section 15-1508(d-5)). The mortgagor bears the burden of proving the requirements of section 15-1508(d-5) by a preponderance of the evidence. *Johnson*, 2013 IL App (2d) 120719, ¶ 33.

¶ 48    Despite defendant's failure to include all of the materials she submitted to plaintiff with her motion to set aside the sale, we conclude the record demonstrates that defendant applied for assistance under the FHA-HAMP. In the present case, the fact defendant applied for assistance under the FHA-HAMP is established by the June 25, 2012, letter in which plaintiff determined that defendant was ineligible for assistance under the FHA-HAMP based on her insufficient income. The denial of defendant's application on the merits demonstrates that plaintiff had all the required documentation it needed in order to make its assessment. Accordingly, defendant has proven by a preponderance of the evidence that she applied for assistance under the FHA-HAMP.

¶ 49    The question remains whether the property was sold in material violation of the FHA-HAMP's requirements. See 735 ILCS 5/15-1508(d-5) (West 2012). The FHA-HAMP requirements state that when a mortgagor is currently in the foreclosure process, "Mortgagees shall not proceed with the foreclosure sale until the mortgagor has been evaluated for the program and, if eligible, an offer to participate in the FHA-HAMP has been made." Mortgagee Letter 2009-23 (July 30, 2009). Once again, the defendant bears the burden of proving that a *material* violation of the applicable guidelines has occurred by a preponderance of the evidence.

*Id.*; *Johnson*, 2013 IL App (2d) 120719, ¶ 33.

¶ 50    Defendant relies on *Johnson* for the proposition that selling a defendant's home prior to the time the FHA-HAMP guidelines allow was a material violation under section 15-1508(d-5). *Johnson*, 2013 IL App (2d) 120719, ¶ 32. Although *Johnson* did not consider the FHA-HAMP guidelines, we find it to be instructive. In *Johnson*, the reviewing court considered whether the plaintiff sold the property in material violation of HAMP guideline 3.3, which requires a servicer to suspend a sale as necessary to evaluate the borrower for HAMP if a timely application is submitted. *Johnson*, 2013 IL App (2d) 120719, ¶ 34.[8] There, after previously having their HAMP application denied, the defendants submitted a second application asserting their financial circumstances had changed because they completed a discharge from chapter 7 bankruptcy. *Id.* ¶¶ 6, 8, 32. Similar to the facts of the present case, the *Johnson* court found that the plaintiff was aware of the second application prior to the foreclosure sale, but failed to properly evaluate the application according to the applicable HAMP guidelines. *Id.* ¶ 35. As defendants established the plaintiff proceeded to the foreclosure sale without first rendering a determination on the defendants' second HAMP application, the *Johnson* court concluded that the trial court abused its discretion when it confirmed the sale of the property. *Id.* ¶ 36.

¶ 51    Here, defendant had been evaluated for the FHA-HAMP program, as indicated by the June 25, 2012, letter, and was found to be ineligible. Two days later, plaintiff forwarded defendant the June 27, 2012, letter in which it thanked defendant for submitting her request "to participate in a foreclosure prevention program." The letter went on to explain that, "The

---

[8] The *Johnson* court did not expressly examine whether the defendants applied for assistance under MHAP, and summarily stated that "defendants' submission [of the HAMP application] two weeks before the sale was timely." *Id.* ¶ 34. The court instead focused on the second requirement of section 15-1508(d-5) of the Foreclosure Law, whether the property was sold in material violation of HAMP guidelines. *Id.* ¶ 33.

expected timeframe needed to complete the review is 30 calendar days from the date of this letter." This letter did not set forth that plaintiff was evaluating defendant for the FHA-HAMP, but the documents and affidavits defendant attached as exhibits in support of her motion consistently indicated that defendant sought an FHA-HAMP modification of her mortgage loan. Moreover, similar to the facts of *Johnson*, the record discloses plaintiff was aware of a pending application near the time of the foreclosure sale but failed to render a determination on the application prior to the sale. The record further demonstrates that plaintiff presented no evidence, and that the circuit court made no inquiries, regarding whether the "foreclosure prevention program" was part of the FHA-HAMP. Nor does the record disclose whether the circuit court inquired into whether plaintiff ever issued a determination on defendant's application.

¶ 52    Notably, defendant requested limited discovery and evidentiary hearing regarding whether she had a pending FHA-HAMP application at the time the property went to sale based on the June 27, 2012, letter. This request was denied by the circuit court when it ruled in favor of plaintiff and confirmed the sale of the property. Generally, a circuit court's denial of a request for an evidentiary hearing will not be disturbed absent an abuse of discretion. *Burtley*, 371 Ill. App. 3d at 6. We note, however, that in constructing section 15-1508(b), the General Assembly intended to create a limited level of inquiry into the propriety of the foreclosure sale. See *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 114 (1993). Although an extended evidentiary hearing after each foreclosure sale is not required, an evidentiary hearing may be conducted when the defendant presents allegations and evidence that establish the sale was not in conformity with section 15-1508 of the Foreclosure Law. See *id.* at 115 (concluding defendant was entitled to an evidentiary hearing regarding whether the sales price of the property was

unconscionable under section 15-1508(b)(ii) of the Foreclosure Law). As discussed above, defendant has presented evidence and allegations that establish the sale was not in conformity with section 15-1508(d-5) of the Foreclosure Law. In particular, the statements in the June 27, 2012, letter were completely contradictory to plaintiff's position in moving ahead with the foreclosure sale. This letter raises questions regarding whether plaintiff had actually completed its review of defendant's FHA-HAMP application prior to the foreclosure sale. Accordingly, we vacate the circuit court's order of September 20, 2012, and remand the matter for the circuit court to hold an evidentiary hearing on the issue of whether defendant's property was sold in material violation of the FHA-HAMP requirements. See *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925, 932 (1997) (vacating and remanding in accordance with the provisions of section 15-1508). It also follows that both parties be provided an opportunity to conduct additional discovery in anticipation of the evidentiary hearing.

¶ 53                                   CONCLUSION

¶ 54     For the reasons stated above, we vacate the order of September 20, 2012, and remand the matter for the circuit court to allow limited discovery and hold an evidentiary hearing regarding whether defendant's property was sold in material violation of the FHA-HAMP requirements.

¶ 55     Vacated and remanded with directions.