**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190733-U

Order filed December 18, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| JOHN S., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0733 |
| | ) | Circuit No. 19-F-304 |
| | ) | |
| SHANA L., | ) | Honorable |
| | ) | David Garcia, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: Will County court order prohibiting mother from further filings in Cook County regarding the final custody judgment of her two children was upheld because the mother had previously enrolled the judgment in Will County.

¶ 2     The respondent mother, Shana L., appealed from a trial court order prohibiting her from filing pleadings in Cook County regarding the custody and support of the minor children that she shares with the petitioner father, John S.

¶ 3                                              FACTS

¶ 4 The parties are the parents of Z.S., (date of birth June 12, 2006) and K.L. (date of birth March 4, 2008). The parties were never married. On January 18, 2011, at a time when the parties and the minor children resided in Cook County, Illinois, the father filed a petition for custody of Z.S. and K.L. in the circuit court of Cook County. A final custody judgment was entered in Cook County circuit court on September 5, 2013, granting sole custody of the minors to the father, with visitation to the mother and requiring the mother to pay child support (No. 06 D 81009). At some point, both of the parties and the minor children moved out of Cook County. On April 11, 2019, the mother filed a "Petition to Enroll a Foreign Judgment" in the circuit court in Will County pursuant to section 511(b) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/511(b) (West 2018)), seeking to enroll the final custody judgment. According to the petition, the father resides in Will County. The father had no objection to the enrollment of the judgment. The judgment was enrolled in Will County on May 2, 2019. A guardian *ad litem* was appointed to address a dispute over parenting time and other issues.

¶ 5 On October 11, 2019, the father filed a "Motion to Prohibit Respondent from filing Pleadings in Cook County." The motion noted that the final custody judgment had been enrolled in Will County but that the mother had filed a motion in Cook County on September 19, 2019. The certificate of service indicated that the notice of motion was emailed to the mother on October 11 and also placed in the U.S. mail on that day. On October 16, 2019, with the mother not present, the court below entered an order prohibiting the mother from filing pleadings in Cook County (No. 06 D 81009) since the judgment had been enrolled in Will County and Will County now had jurisdiction. The court below noted that it was the mother's motion to enroll the judgment in Will County and that the Will County court had not yet had a hearing with regard to the mother's

visitation and any child support. The mother's motion to vacate on the basis of improper notice and the necessity of Cook County proceedings was denied, and the mother appealed.

¶ 6                                                    ANALYSIS

¶ 7        As an initial matter, we note that the father did not file an appellee brief. However, we will review the merits of the appeal since the record is simple and the claimed errors can be decided without the aid of an appellee's brief. See *Brzowski v. Brzowski*, 2014 IL App (3d) 130404, ¶ 15 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)).

¶ 8        The mother contends that the trial court erred by entering the order prohibiting her from filing pleadings in Cook County. She contends that she did not transfer the custody case from Cook County to Will County, but rather registered the custody order for enforcement. The mother filed a petition to enroll a foreign judgment in the circuit court in Will County pursuant to section 511(b) of the Dissolution Act (750 ILCS 5/511(b) (West 2018)) on the basis that neither party resided in Cook County and the father and the minors resided in Will County. The father had no objection, and the final custody judgment entered in Cook County on September 5, 2013, was enrolled in Will County.

¶ 9        The parties in this case were never married, so the parenting time and child support determinations were made under the Illinois Parentage Act of 1984. 750 ILCS 45/14 (West 2006) (repealed by Pub. Act 99-85, § 977 (eff. Jan. 1, 2016), now section 802 of the Illinois Parentage Act of 2015 (750 ILCS 46/802 (West 2018))); *In re Parentage of Z.S.*, 2011 IL App (1st) 111111-U. The Illinois Parentage Act of 2015 directs that those decisions, though, be made in accordance with the relevant factors set out in the Dissolution Act to determine the best interests of the minors. 750 ILCS 46/802 (West 2018); *In re Parentage of J.W.*, 2013 IL 114817, ¶ 53. Enforcement and modification of the judgment are also made in accordance with the factors specified in the

3

Dissolution Act. 750 ILCS 46/808 (West 2018); 750 ILCS 5/607.5 (West 2018); *In re A.M.*, 2020 IL App (4th) 190645, ¶ 20.

¶ 10    Section 511 of the Dissolution Act provides the procedure for postjudgment proceedings to enforce or modify a judgment entered in another judicial circuit in Illinois. 750 ILCS 5/511 (West 2018). Since neither party continued to reside in Cook County, the mother followed this procedure and transferred the postjudgment proceeding to the judicial circuit where the father resides. See *id.* § 511(a). Thus, the case has been transferred to Will County for all postjudgment proceedings and the court below did not err in prohibiting the mother from any further filings in Cook County on the matter.

¶ 11    The mother also contends that the October 16 order should be vacated for lack of notice, contending that she did not receive the notice in her mail until October 17. Illinois Supreme Court Rule 12(c) (eff. July 1, 2017) states that service by mail is complete four days after mailing. The father's attorney filed the notice of motion with the court on October 11, 2019, and the certificate of service states that it was emailed and mailed (with postage prepaid) that day to the mother to the same address as the mother had provided in her filings in Will County. At the latest, service on the mother was completed on October 15, so service of process for the motion was proper. See *CitiMortgage Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39 (service is presumed when the notice is sent by regular mail to a proper address).

¶ 12                                    CONCLUSION

¶ 13    The judgment of the circuit court of Will County is affirmed.

¶ 14    Affirmed.

4