2021 IL App (1st) 200146-U

No. 1-20-0146

Order filed December 17, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff, | ) ) | |
| | ) | No. 10 CH 32110 |
| v. | ) ) | |
| | ) | Honorable |
| CORREY A. SHORT; SHERRY L. SHORT; PNC BANK, N.A., SUCCESSOR BY MERGER TO NATIONAL CITY BANK; UNKNOWN OWNERS AND NON RECORD CLAIMAINTS, | ) ) ) ) | Gerald Cleary, Judge, Presiding. |
| | ) | |
| Defendants, | ) ) | |
| (U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust, Plaintiff-Appellee v. Correy A. Short, Defendant-Appellant). | ) ) ) | |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justices Sheldon Harris and Mary Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order grant of U.S. Bank's motion to confirm the judicial sale of the subject property and denial of defendant's motion to set aside and vacate the sale.

¶ 2    Defendant Correy Short[1] appeals from an order of the circuit court confirming the judicial sale of his single-family home and denying his motion to vacate and set aside the judicial sale in this mortgage foreclosure action brought by plaintiff U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust (U.S. Bank).[2] On appeal, defendant contends that when he filed his Chapter 13 bankruptcy petition on February 8, 2019, at 11:29 a.m., the filing triggered the automatic stay provisions of section 362(a) of the Bankruptcy Code (11 U.S.C. § 362(a)), thereby staying the judicial sale of his home scheduled for that same day. As a result, defendant contends that: (1) the circuit court abused its discretion by approving the judicial sale that was unjust under section 1508(b) of the Illinois Mortgage Foreclosure Act (Mortgage Foreclosure Act) (735 ILCS 5/15-1508(b) (West 2018)) and (2) the circuit court erred by denying his request for a continuance to hold an evidentiary hearing before confirming the sale of his house. For the reasons that follow, we affirm.

¶ 3                            BACKGROUND

¶ 4    The following background facts and procedural history are taken from the common law record and the parties' appellate briefs. While the record on appeal does not contain a transcript of the proceedings below, a certified statement of facts approved by the circuit court is included in the appellate record.

---

[1] Correy Short is the only defendant who is a party to this appeal.

[2] This action was initially filed by BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP (BAC) on July 27, 2010; during the course of the litigation, defendant's mortgage and note were assigned multiple times, with U.S. Bank being substituted into this case as plaintiff by court order on August 7, 2017.

¶ 5    On March 14, 2007, defendant and his wife Sherryl executed a promissory note as borrowers in the principal amount of $209,750 in favor of Countrywide Home Loans (Countrywide) as the lender. The note was secured by a mortgage, also dated March 14, 2007, which encumbered real property known as 4002 West 192nd Place, Country Club Hills, Illinois. Countrywide subsequently became BAC Home Loans Services, LP (BAC). On July 27, 2010, BAC filed a complaint to foreclose the mortgage against defendant, Sherryl, PNC Bank and unknown owners and non-record claimants, alleging that defendant and his wife defaulted on the mortgage loan. Defendant and his wife filed their *pro se* appearance and verified answer on August 2, 2010.

¶ 6    During the course of litigation, defendant's mortgage and note were assigned multiple times to other lenders who were substituted into the case as plaintiff. U.S. Bank was substituted as plaintiff due to such an assignment by court order on August 7, 2017. The circuit court entered a judgment of foreclosure and sale on January 2, 2018, which provided that if a redemption was not made, the property would be sold at a public sale by the Judicial Sales Corporation (JSC). Additionally, summary judgment was entered in favor of U.S. Bank and against defendant. Further proceedings ensued, including multiple stays of the judicial foreclosure sale. On February 8, 2019, the subject property was sold to U.S. Bank for a credit bid of $175,000. On July 5, 2019, U.S. Bank filed a motion to confirm the sale, and defendant was granted leave to file a response to the motion by August 19, 2019.

¶ 7    On August 26, 2019, defendant filed a motion to set aside the judgment of foreclosure and to vacate the sale. In the motion, defendant argued that he filed a bankruptcy petition prior to the occurrence of the foreclosure sale, and the automatic bankruptcy stay provision should have

prevented the selling office from holding the sale. Defendant attached an alleged visitor pass dated February 8, 2019, at 11:59 p.m. to the judicial sale office; a notice of bankruptcy case filing indication that his bankruptcy petition was filed on February 8, 2019, at 11:29 a.m.; and notice of automatic stay containing his signature.

¶ 8    In response to defendant's motion, U.S. Bank filed its reply in support of its motion to confirm the sale arguing that since the sale occurred prior to defendant's filing of his bankruptcy petition, the sale was not held in violation of an automatic bankruptcy stay. Attached to U.S. Bank's filing was an electronic mail message dated February 8, 2019, at 11:08 a.m. reflecting that the sale occurred at 10:41 a.m. on February 8, 2019.

¶ 9    The circuit court granted both parties the opportunity to provide further evidence prior to a hearing on both motions. U.S. Bank was granted leave to provide evidence, if any, that the sale occurred prior to 11:29 a.m. on February 8, 2019, and defendant was granted leave to provide evidence, if any, that the sale occurred after 11:29 a.m. on February 8, 2019. U.S. Bank subsequently filed the notarized affidavit of Pamela Murphy-Boylan (Murphy-Boylan), the President and CEO of JSC. Murphy-Boylan averred that the sale occurred on February 8, 2019, at 10:41:29 a.m. at the JSC office located at One South Wacker Drive, 24th Floor in Chicago, Illinois, and that Wendy Morales was the selling officer. On October 7, 2019, defendant was granted an extension to issue a subpoena for a witness to appear on October 21, 2019, to testify as to when the sale occurred. On October 18, 2019, defendant filed a copy of the summons and subpoena for Devin Jones, JSC's "front desk secretary/clerk" to appear at the October 21, 2019, hearing and a copy of an affidavit he prepared for Jones to sign. On the face of the affidavit, the following was written: "need lawyer permission to sign 10/18/2019 2:48."

¶ 10    A hearing was held on U.S. Bank's motion to confirm the judicial sale and defendant's motion to set aside the foreclosure and vacate the sale on October 21, 2019. In his brief, defendant contends that the hearing was not an evidentiary hearing as previously contemplated in an earlier order of the circuit court because Jones did not appear, and U.S. Bank did not present any witnesses. In contrast, U.S. Bank contends that the October 21, 2019, hearing was an evidentiary hearing. Both parties reiterated the arguments raised in support of their respective motions. Defendant argued that he went to the JSC office after he filed his bankruptcy petition on February 8, 2019, and spoke with Jones, who used her work computer to look up information on the relevant auction and informed defendant that a bid had not yet been entered and therefore, the house had not been sold. Based on this information, defendant argued that if the house was sold, the sale must have occurred after his conversation with Jones. Defendant requested a continuance to produce Jones as a witness or gather alternative evidence. The circuit court denied defendant's request. At the close of argument, the circuit court confirmed the judicial foreclosure sale, finding that defendant's statements regarding a conversation with Jones were inadmissible hearsay and that he failed to produce sufficient admissible evidence to prove that he filed for bankruptcy before the foreclosure sale.

¶ 11    On November 18, 2019, defendant filed a series of post-judgment motions, including a timely motion to reconsider the order confirming the sale of the house, arguing that the circuit court misapplied the law. Defendant attached an email he received from Murphy-Boylan on October 18, 2019, and stated in relevant part:

> "* * *After review of the affidavit and thorough review of our file, we cannot execute the affidavit as my staff does not have a specific recollection of speaking with you

on February 8, 2019, nor does my staff have specific recollection that you delivered the bankruptcy documents to our office on February 8, 2019. I can confirm that the sale held on February 8, 2019[,] for the property at 4002 W 192n [*sic*] Place, Country Club Hills was at 10:41:29, and the property was sold to the plaintiff for a credit bid of $175,000.00. * * *"

¶ 12    On December 4, 2019, the circuit court struck defendant's post-judgment motions because he failed to appear in court. On December 19, 2019, defendant filed a motion to stay possession, which was denied. The circuit court also vacated its order of December 4, 2019, but denied defendant's motion for reconsideration, emergency motion and temporary restraining order to stay eviction order pending motion to reconsider and motion for extension of time. The following day, the circuit court entered an order continuing defendant's second emergency motion to stay possession until December 31, 2019. On December 31, 2019, the circuit court denied defendant's motion for lack of jurisdiction based on a filed notice of appeal. However, the record indicates that defendant filed his timely notice of appeal on January 21, 2020.[3]

¶ 13                                  ANALYSIS

¶ 14    On appeal, defendant contends that: (1) the circuit court abused its discretion by approving the judicial sale that was unjust under section 1508(b) of the Mortgage Foreclosure Act (735 ILCS 5/15-1508(b) (West 2018)) and (2) the circuit court erred by denying his request for a continuance to hold an evidentiary hearing before confirming the sale of his house.

_____

[3] Based on defendant's motion to reconsider being denied by the circuit court on December 19, 2019, his notice of appeal was due in 30 days, or January 19, 2020. However, that date fell on a Sunday, and we take judicial notice that the following day, January 20, 2020, was Martin Luther King, Jr. Day, a court holiday. Accordingly, defendant's notice of appeal was due on January 21, 2020.

¶ 15　The standard of review for a motion to confirm a judicial sale and a motion to vacate the judicial sale pursuant to section 15/1508(b) of the Mortgage Foreclosure Act are within the circuit court's discretion to grant or deny and will not be disturbed absent an abuse of that discretion. *CitiMortgage Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 31. (where the plaintiff has filed a motion to confirm sale and the defendant thereafter files a motion to set aside the sale, the standard of review for both motions is an abuse of discretion). The circuit court abused its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court. *Id.* The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disprove the sale. *Id.*

¶ 16　Defendant first contends that the circuit court erred in confirming the foreclosure sale because it was unjust as it occurred after he filed for bankruptcy. He maintains that he submitted sufficient allegations and evidence that he filed for bankruptcy before the foreclosure sale which warranted an evidentiary hearing. Defendant further asserts that the October 21, 2019, hearing was not an evidentiary hearing as previously contemplated in an earlier order of the circuit court because Jones did not appear, and U.S. Bank did not present any witnesses.

¶ 17　Section 15-1508(b) of the Mortgage Foreclosure Act provides that the court must conduct a hearing on confirmation of the judicial sale and shall enter an order confirming a judicial sale unless it finds that: (1) required notice in accordance with section 15-1507(c) was not given, (2) the terms of the sale were unconscionable, (3) the sale was conducted fraudulently, or (4) justice was not otherwise done. 735 ILCS 5/15-1508(b)(i-iv) (West 2018). U.S. Bank does not dispute that a foreclosure sale held after defendant filed for bankruptcy would violate section 15-1508(b).

See *Concrete Products, Inc. v. Centex Homes*, 308 Ill. App. 3d 957, 959 (1999) (judicial acts done in violation of an automatic stay are void *ab initio*).

¶ 18    We find that the trial court's confirmation of the foreclosure was not an abuse of discretion. The record reflects that defendant filed his motion to set aside the foreclosure and vacate the judicial sale with an attachment proving that he filed his bankruptcy petition on February 8, 2019, at 11:29 a.m. The circuit court subsequently granted a continuance to allow him time to produce any evidence or witness that could prove his allegation that the foreclosure sale occurred after he filed for bankruptcy on February 8, 2019, at 11:29 a.m. and also for U.S. Bank to produce evidence or a witness that could prove that the foreclosure sale occurred prior to defendant's bankruptcy filing. Defendant appeared at the next scheduled court hearing on October 21, 2019, and recounted his alleged conversation with Jones at JSC's office on February 29, 2019, that the sale had not yet occurred when he arrived at 11:59 a.m. However, Jones did not sign the affidavit defendant prepared for her to sign and did not appear to testify on defendant's behalf. The circuit court found defendant's testimony constituted inadmissible hearsay. As additional evidence in support of the motion to confirm the sale, U.S. Bank submitted Murphy-Boylan's affidavit, which averred that the foreclosure sale was completed on February 8, 2019, at 10:41:29 a.m. Further, attached to defendant's motion to reconsider was an email from Murphy-Boylan which indicated that Jones could not sign the affidavit as prepared because she had no independent recollection of speaking with him or that he delivered bankruptcy documents to the JSC office on February 8, 2019, and further confirmed that the foreclosure sale was completed at 10:41:29 a.m. on that date. Based on the arguments and additional evidence presented by the parties on October 21, 2019, the circuit

court confirmed the sale, essentially finding that defendant failed to meet his burden of proving that the foreclosure sale occurred prior to his bankruptcy filing.

¶ 19    The record supports the circuit court's finding that defendant failed to establish that the foreclosure sale occurred prior to his bankruptcy filing. The only "new" evidence defendant presented was his own testimony regarding the alleged conversation with Jones that the sale had not yet occurred by 11:59 a.m. The circuit court correctly found that such testimony constituted inadmissible hearsay, as it was an out-of-court statement offered to prove the truth of the matter asserted in court, that was generally inadmissible unless it fell within a hearsay exception. *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶ 183. Defendant did not argue that his conversation with Jones fell within a hearsay exception; thus, it was inadmissible, leaving defendant with no evidence to support his argument. As such, we cannot say that the trial court's decision to confirm the foreclosure sale was an abuse of discretion.

¶ 20    Defendant also contends that the circuit court erred in denying his request for a continuance and that he presented sufficient allegations and evidence to warrant an evidentiary hearing. We disagree.

¶ 21    Litigants do not have an absolute right to a continuance. *ICD Publications, Inc. v. Gittlitz*, 2014 IL App (1st) 133277, ¶ 88. Instead, whether to grant a motion for a continuance is within the circuit court's sound discretion, and we will not disturb its decision unless it constitutes an abuse of discretion. *Id.*

¶ 22    This court has long held that motions may be decided on the basis of affidavits alone. *In re Marriage of Varco*, 158 Ill. App. 3d 578, 580 (1987). An exception to that general rule has been found in cases where motions to vacate and supporting affidavits make allegations sufficient to

create factual issues. *Id.* An evidentiary hearing after each foreclosure sale is not required, but rather may be conducted where the defendant presents evidence that the sale did not comply with section 15-1508(b), meaning that a defendant should already have evidence indicating that the sale was unjust. See *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 115 (1993).

¶ 23    Here, as noted above, defendant had already been granted a continuance to secure evidence to support his allegations. However, at the October 21, 2019, hearing, he was unable to produce any new evidence except for the alleged conversation he had with Jones, which was discounted as inadmissible hearsay. At the December 19, 2019, hearing, defendant presented a copy of an email he received from Murphy-Boylan, which did not support his allegation but instead provided more support for U.S. Bank's claims that the foreclosure sale occurred prior to his bankruptcy filing. Indeed, the circuit court questioned the fruitfulness of granting defendant another continuance because Jones would presumably be unable to testify or aver to the conversation or its contents which served as the crux of defendant's argument that the foreclosure sale occurred after he filed for bankruptcy. Defendant has not indicated what further evidence could possibly be available to support his claims. Based on the record before us, we cannot say that the circuit court's decision not to grant defendant's request for a continuance was an abuse of discretion.

¶ 24                          CONCLUSION

¶ 25    For the foregoing reasons, we affirm the orders of the circuit court of Cook County confirming the foreclosure sale and denying defendant's request for a continuance.

¶ 26    Affirmed.