2023 IL App (1st) 220413

SIXTH DIVISION
Filing Date March 24, 2023

No. 1-22-0413

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| EASTERN SAVINGS BANK, FSB, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 17 CH 03732 |
| VALERIE ANDREWS-LEWIS, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Marian E. Perkins, |
| | ) | Judge, Presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices C. A. Walker and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Valerie Andrews-Lewis appeals *pro se* from the order of the circuit court of Cook County confirming the sale of her residence at 2104 East 73rd Street (the property) in Chicago in favor of Eastern Savings Bank (Eastern Savings). On appeal, defendant argues that: (1) the circuit court erred in confirming the sale of the property despite learning that defendant never received a loss mitigation denial letter on her loan modification application as required by section 1024.41 of the Real Estate Settlement Procedures Act (RESPA) (Regulation X) (12

C.F.R. § 1024.41) for plaintiff to proceed with a foreclosure complaint; (2) the circuit court erred by confirming the sale of the property despite learning that defendant submitted a loan modification application under the Home Affordable Modification Program (HAMP) which was not appropriately processed in accordance with RESPA Regulation X by plaintiff, causing defendant to no longer be eligible for the program; and (3) the circuit court erred by confirming the sale of the property by ignoring a preponderance of the evidence that showed that plaintiff neglected defendant's numerous attempts to modify her loan and end her delinquency across the life of the loan and afterward. For the following reasons, we affirm.

¶ 2                                  I. BACKGROUND

¶ 3        The background information comes from the various pleadings filed by the parties in the course of litigation related to this case.

¶ 4        On April 19, 2007, defendant executed a Mortgage and Note for $87,000 for the property. The note and mortgage were attached to Eastern Savings' foreclosure complaint as exhibits, and were verified by Paul Buckingham, a senior asset manager of Eastern Savings. According to defendant, she struggled to maintain the loan payments from the beginning, and in November 2016, hired the Law Office of Matthew Wildermuth to assist her in securing a HAMP loan modification before the deadline of December 31, 2016. She indicated that her loan application was successfully submitted to Eastern Savings on December 20, 2016, but she never knew that her loan modification was denied until January 25, 2017.

¶ 5        Eastern Savings filed its verified mortgage foreclosure complaint on March 15, 2017, and defendant was personally served with the summons and complaint on June 6, 2017. Eastern Savings subsequently filed a motion for default scheduled for hearing on September 13, 2017. At the hearing, counsel appeared on defendant's behalf and was granted 28 days to respond.

Defendant's counsel filed an answer on October 11, 2017. Eastern Savings subsequently filed its combined motion for default and summary judgment of foreclosure and sale on November 20, 2017, which was scheduled for hearing on December 11, 2017. A briefing schedule was entered with a new hearing date of February 14, 2018, but defendant never filed a response. On February 14, 2018, the circuit court entered an order of summary judgment and judgment of foreclosure and sale. The initial sale date was May 15, 2018.

¶ 6    On May 2, 2018, defendant filed for Chapter 13 bankruptcy protection, and an automatic stay of the sale was entered. The bankruptcy was later converted to a Chapter 7 bankruptcy on July 19, 2019. On June 5, 2019, defendant filed an adversary action against Eastern Savings through different counsel, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act), seeking declaratory relief to declare the mortgage void, and alleging violations of the Federal Fair Housing Act (FHA). On September 18, 2019, the Bankruptcy Court granted Eastern Savings' motion to modify the stay and proceed with foreclosure. Additionally, on October 24, 2019, the Bankruptcy Court granted Eastern Savings' motion to dismiss the adversary complaint with prejudice.

¶ 7    Back in the circuit court, the judicial sale was then set for December 5, 2019, but defendant filed an emergency motion to stay the sale, which was granted. Subsequently, the judicial sale was held on January 21, 2020, with Eastern Savings as the successful bidder. Eastern Savings' motion to confirm the sale was initially set for hearing on February 25, 2020, but was continued until March 3, 2020. On March 3, 2020, defendant appeared *pro se* and made arguments that were unrelated to the sale of the property. The circuit court granted her leave to file a response to the motion for an order approving the sale by March 31, 2020, and the hearing was continued to May 5, 2020. However, defendant did not file a response by the due date. Additionally, the

hearing was continued due to the Covid-19 shutdown and the moratorium on the confirmation of judicial sales.

¶ 8     On January 22, 2021, defendant filed a *pro se* answer, affirmative defenses and counterclaim without leave of court, which was stricken with prejudice on March 18, 2021. Defendant later filed her response to the motion for order approving sale on May 17, 2021, arguing that the sale of the property would be unconscionable due to a breach of contract concerning her escrow account; the mortgage, security instrument and note were unconscionable; and Eastern Savings prevented defendant from raising those defenses at an earlier time. Eastern Savings filed a response, and a hearing was scheduled for June 7, 2021. However, the moratorium on approving judicial sales was still in effect, so the motion was continued several times until December 6, 2021. On that date, the circuit court inquired about the status of the law license of one of defendant's prior legal counsel, Matthew Wildermuth, and the matter was continued for further research into that issue. The circuit court informed defendant that one of her attorneys, Attorney Wildermuth, had been suspended during the time that the firm represented defendant in the foreclosure proceedings. The hearing on the motion to approve the sale was continued until January 10, 2022.

¶ 9     On January 10, 2022, Eastern Savings presented a history of defendant's representation by Attorney Wildermuth during the case, and it was revealed that he never made a filing on defendant's behalf. During Attorney Wildermuth's first suspension, an attorney in good standing from the Wildermuth firm filed an appearance on defendant's behalf, and after the first suspension ended, another attorney in good standing from the Wildermuth firm filed an answer on defendant's behalf. The law firm was not representing defendant when Attorney Wildermuth was suspended a second time. The circuit court then asked Eastern Savings to

provide documentation regarding defendant's loan modification during Attorney Wildermuth's representation, and the hearing was continued to February 22, 2022. Both sides were also granted leave to file additional pleadings.

¶ 10    Eastern Savings presented evidence to the circuit court that a loan modification application was submitted by defendant's prior counsel as well as a copy of the loan mitigation denial letter dated January 31, 2017. In defendant's sur-response pleading, she argued that her previous counsel improperly represented her and she was denied the ability to bring matters to the court before the sale of her home and that she did not receive a formal loss mitigation denial letter. The circuit court entered the order confirming the judicial sale on February 22, 2022, after a hearing. No report of proceedings or bystander's report from the hearing (or any of the hearings before the circuit court) is included in the record. Defendant filed her timely *pro se* notice of appeal on March 24, 2022.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant contends that: (1) the circuit court erred in confirming the sale of the property despite learning that defendant never received a loss mitigation denial letter on her loan modification application as required by section 1024.41 of the Real Estate Settlement Procedures Act (RESPA) (Regulation X) (12 C.F.R. § 1024.41) for plaintiff to proceed with a foreclosure complaint; (2) the circuit court erred by confirming the sale of the property despite learning that defendant submitted a HAMP loan modification application which was not appropriately processed in accordance with RESPA Regulation X by plaintiff, causing defendant to no longer be eligible for the program; and (3) the circuit court erred by confirming the sale of the property by ignoring a preponderance of the evidence that showed that plaintiff neglected defendant's numerous attempts to modify her loan and end her delinquency across

the life of the loan and afterward. Though framed differently, defendant's issues all challenge the entry of the order confirming the judicial sale of the property and will be considered as a single issue. We begin our discussion with the appropriate standard of review.

¶ 13    Defendant contends that the standard of review should be *de novo* because the circuit court made a mistake in applying the law. Eastern Savings, on the other hand, contends that the appropriate standard of review is abuse of discretion.

¶ 14    At issue on appeal is whether the circuit court properly confirmed the judicial sale of the property. It is well settled that a motion to vacate the sale pursuant to section 15-1508(b) of the Foreclosure Law (735 ILCS 5/15-1508(b) (West 2020)) is within the circuit court's discretion to either grant or deny, and will not be disturbed absent an abuse of that discretion. *CitiMortgage v. Lewis*, 2014 IL App (1st) 131272, ¶ 31. Similarly, the standard of review for a motion to confirm the sale is also an abuse of discretion. *Id.* Accordingly, where, as here, the plaintiff has filed a motion to confirm sale and the defendant then files a motion to set aside the sale, the standard of review for both motions is an abuse of discretion. *Id.* Thus, contrary to defendant's assertion, the standard of review to be applied is abuse of discretion. *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 57. A circuit court abuses its discretion when its ruling rests on an error of law or where no reasonable person would take the view adopted by the circuit court. *Id.* The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale. *Lewis*, 2014 IL App (1st) 131272, ¶ 31.

¶ 15    We now address defendant's various contentions that the circuit court erred in confirming the judicial sale of the property. To restate her arguments, defendant contends that the sale should not have been confirmed because: (1) she did not receive a formal loan modification

denial as required under RESPA, and (2) Eastern Savings failed to process her loan modification application in an appropriate manner which caused her to be ineligible for a HAMP modification, because the application deadline was December 31, 2016. She further contends that the foreclosure was invalid because the lender neglected her attempts at modification over the life of the loan.

¶ 16     A judicial foreclosure sale is not complete until it has been approved by the circuit court. *Bermudez*, 2014 IL App (1st) 122824, ¶ 59. The highest bid received at a judicial sale is merely an irrevocable offer to purchase the subject property, the acceptance of which occurs when the court confirms the sale. *Citicorp Savings v. First Chicago Trust Co.*, 269 Ill. App. 3d 293, 300 (1995). Typically, section 15-1508(b) governs the circuit court's analysis in approving or disapproving a sale and is the only means by which a defendant can set aside a sale. *Bermudez*, 2014 IL App (1st) 122824, ¶ 59. Under that section, the circuit court shall confirm the sale unless it finds that: (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2020). As noted by our supreme court, section 15-1508(b) imposes a mandatory obligation on a court to conduct a hearing on confirmation of a judicial sale where a motion to confirm has been filed and notice given, and following the hearing, to confirm the sale unless it finds that any of the four specified exceptions are present. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2003). The burden is on the party opposing confirmation to prove that sufficient grounds exist to disapprove the sale. *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 48.

¶ 17     However, under the version of section 15-1508(d-5) in effect when the foreclosure action was filed against defendant, the circuit court could set aside a judicial sale upon motion of the

mortgagor at any time prior to the confirmation of the sale, if the mortgagor proved by a preponderance of the evidence that the mortgagor applied for assistance under HAMP and the mortgaged real estate was sold in material violation of the program's requirements for proceeding to a judicial sale. 735 ILCS 5/15-1508(d-5) (West 2020). The provisions of that section became inoperable on January 1, 2018, for all actions filed under it after December 31, 2017, where the mortgagor did not apply for assistance under HAMP on or before December 31, 2016. *Id.*

¶ 18    In comparing the arguments defendant raises on appeal with those she raised in the circuit court in her response to the motion for order approving sale on May 17, 2021, we find that defendant has raised these arguments for the first time on appeal and they were not considered by the circuit court in ruling on the motion to confirm the judicial sale. In the circuit court, defendant argued only that the sale of the property would be unconscionable due to a breach of contract concerning her escrow account; the mortgage, security instrument and note were unconscionable; and Eastern Savings prevented defendant from raising those defenses at an earlier time. Defendant did not raise any issue concerning the lack of the loan modification denial letter or an inappropriately processed HAMP application in the circuit court, and she has apparently abandoned those arguments on appeal that were raised in the circuit court. Issues not raised in the circuit court generally are forfeited and may not be raised for the first time on appeal. *Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-WMC2 v. Cortez*, 2020 IL App (1st) 192234, ¶ 32. As such, defendant's issues regarding the confirmation of the judicial sale are forfeited.

¶ 19    However, the forfeiture rule is an admonition to the parties and not a limitation on the jurisdiction of this court. *Id*. This court may overlook forfeiture where necessary to obtain a

just result or maintain a sound body of precedent. *Id.* That said, we will overlook defendant's forfeiture and review her claims of error on the merits.

¶ 20     Defendant's claims of error appear to fall under the "justice was not otherwise done" exception under section 15-1508(b)(iv) of the Foreclosure Law. A court is justified in refusing to confirm a judicial sale if unfairness is shown which is prejudicial to an interested party. 735 ILCS 5/15-1508(b) (West 2020). Section 15-1508(b)(iv) does not specify the circumstances that constitute an injustice, but our supreme court has stated that this section "appears to merely codify the long-standing discretion of the courts of equity to refuse to confirm a judicial sale." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 19. To vacate a sale based on injustice, the defendant must demonstrate "that justice was not otherwise done because either the lender, through fraud or misrepresentation, prevented the borrower from raising [her] meritorious defense to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal she was otherwise prevented from protecting her property interests. *Id.* ¶ 26.

¶ 21     Here, defendant specifically argues that the circuit court erred in confirming the judicial sale of the property because she never received a loan modification denial letter as required by RESPA, that Eastern Savings inappropriately handled her modification application and that Eastern Savings neglected her many attempts at modification over the life of the loan. She further contends that Eastern Savings, by way of fraud and misrepresentation, prevented her from raising her meritorious defenses to the complaint which prevented her from protecting her property interests. She contends that, under RESPA §1024.41 (12 C.F.R. §1024.41) in effect at the time her loan modification application was submitted, Eastern Savings Bank was required to notify the borrower within five days of receipt of the application whether the

application was complete or incomplete. Further, complete loss mitigation applications received more than 90 days before a foreclosure sale will receive a response within 30 days outlining any available loss mitigation options and subsequent appeals process. Defendant contends that because her application for loan modification was submitted more than 90 days prior to the sale of the property, she was entitled to a written notice of application status and the corresponding requirements. She further contends that this court has previously found that lack of proof that a mandatory notice was delivered constitutes a question of fact whether a condition precedent was satisfied for the foreclosure action, citing *Deutsche Bank National Trust Co. as Trustee for the First Franklin Mortgage Loan Trust 2005-FF8, Mortgage Pass-Through Certificates, Series 2006-FF8 v. Roongseang*, 2019 IL App (1st) 180948, ¶ 38.[1] However, that case is distinguishable as it was an appeal from the entry of summary judgment of the foreclosure itself as well as the order confirming the judicial sale, and this court found that an issue of fact existed to defeat the summary judgment motion. That is not the situation presented here where defendant failed to contest the summary judgment for foreclosure within 30 days of its entry on February 14, 2017, and is instead contesting the confirmation of judicial sale.

¶ 22    Moreover, we note that Eastern Savings responds that it did provide a notice of loan mitigation denial to defendant. The record reveals that a loan mitigation denial letter dated January 31, 2017, was presented to the circuit court prior to the hearing on February 22, 2022. Defendant argues on appeal, however, that she did not receive the letter. Defendant provides no explanation for why she did not raise this issue sooner or why she failed to contest the

---

[1] We note that defendant failed to cite to the complete case name or pinpoint citation paragraph in her brief in violation of Rule 341(h)(7) (eff. Oct. 1, 2020).

summary judgment of foreclosure either before its entry or within 30 days of its entry. While defendant may have made such arguments before the circuit court, the record does not contain a report of proceedings or bystander's report of the hearing, thus we are unable to consider any arguments she may have made at that time. An appellant bears the burden of presenting a sufficiently complete record of the proceedings in the circuit court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such record on appeal, it will be presumed that the order entered by the circuit court was in conformity with law and was supported by an adequate factual basis. *Id.* at 392. Any doubts arising from the incompleteness of the record will be resolved against the appellant. *Id.* Thus, we have to presume that the circuit court considered all arguments raised at the hearing and apparently resolved the issue regarding the denial letter against defendant.

¶ 23      Additionally, although defendant argues that she did not receive the letter, she does not dispute that she learned that her loan modification was denied on January 25, 2017, which was approximately six weeks before the foreclosure action was filed, and certainly well before the judgment of foreclosure was entered. She does not point to any specific actions by Eastern Savings that fraudulently or otherwise prevented her from making her meritorious defenses to the foreclosure action.

¶ 24      Eastern Savings further contends that, as a small services lender, it was not subject to the requirements of RESPA's loss mitigation rule. Under section 1026.41(e)(4) (12 C.F.R. 1026.41(e)(4)) of RESPA, a small servicer is defined as a servicer that services 5000 or fewer mortgage loans, for all of which the servicer is the creditor or assignee. Additionally, section 1024.30(b) exempts small servicers from the requirements of section 1024.41, except section 1024.41(j), which specifically applies to foreclosure prohibition when a borrower is

performing pursuant to the terms of an agreement on a loss mitigation option. 12 C.F.R. §1024.41(j). Moreover, Eastern Savings maintains conversely that defendant's claims of pre-foreclosure violations of RESPA are not properly raised at the sale confirmation stage.

¶ 25    Defendant's only response to this is that Eastern Savings' action of ignoring her loan modification request and giving her limited time to pull resources for the offer made were in bad faith. We find this insufficient to rebut the fact that per RESPA, Eastern Savings was exempt from certain requirements under section 1024.41.

¶ 26    Defendant's next contention, that Eastern Savings failed to properly process her loan modification application in accordance with RESPA suffers the same fate, as Eastern Savings was not subject to the RESPA provisions that defendant claims it was.

¶ 27    Defendant's final argument is that the circuit court ignored "a preponderance of the evidence that showed Plaintiff neglected Defendant's numerous attempts to modify her loan and end her delinquency across the life of the loan and afterward." She claims that this satisfies the "justice has not been done" exception of section 15-1508(b)(iv). We disagree.

¶ 28    As noted above, to vacate a sale based on injustice, the defendant must demonstrate "that justice was not otherwise done because either the lender, through fraud or misrepresentation, prevented the borrower from raising [her] meritorious defense to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal she was otherwise prevented from protecting her property interests." *McCluskey*, 2013 IL 115469, ¶ 26. Here, the record does not support defendant's assertion that she was somehow precluded by Eastern Savings from raising any meritorious defenses, nor does she state what those equitable defenses are. As noted above, defendant offers no explanation for why she failed to respond to the summary judgment motion for foreclosure in 2018. Further, by her own admissions in her

brief, defendant stated that she struggled to make the mortgage payments since the beginning of the loan and that she had applied for, and defaulted on, several forbearance options offered by the lender. The record even indicates that defendant was unable to make the payments under her Chapter 13 bankruptcy. Defendant also admits in her brief that she had actual knowledge that her loan modification was denied in January 2017, prior to the filing of the foreclosure action. Defendant appears to contend that because her attempts at loan modification were rejected by Eastern Savings, those rejections amount to fraud that prevented her from protecting her property.

¶ 29    As sympathetic as we are with any family losing their home to foreclosure, the fact remains that defendant has not identified any meritorious defense she was prevented from making nor has she shown how she could have otherwise taken any action to stop the judicial sale. Defendant's claims on appeal fail to show how the February 2022 order confirming the January 2020 judicial sale showed that justice was not done. Again, defendant has not provided this court with a report of proceedings or bystander's report, therefore we must presume that the circuit court's order was entered in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. We therefore conclude that the circuit court did not abuse its discretion in confirming the judicial sale.

¶ 30                                III. CONCLUSION

¶ 31    Accordingly, the judgment of the circuit court of Cook County is affirmed.

¶ 32    Affirmed.

¶ 33

¶ 34