2023 IL App (1st) 210654-U

No. 1-21-0654

Order filed September 14, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BARRY RING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 719227 |
| | ) | |
| STEVE NEELY a/k/a MORRELL NEELY and | ) | |
| UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Jeffery G. Chrones, |
| (Steve Neely, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Martin concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The circuit court's judgment is affirmed where defendant failed to provide a sufficiently complete record on appeal from which error can be determined.

¶ 2  Defendant Steve Neely appeals from an order of the circuit court granting plaintiff Barry

Ring a judgment totaling $646,285.86 in his suit for eviction and unpaid rent. On appeal, defendant

argues that the circuit court erred when it (1) granted plaintiff damages under a residential lease

agreement (lease) where defendant was a tenant at sufferance rather than a holdover tenant; and (2) enforced late fees where the relevant lease provision violated the Residential Landlord and Tenant Ordinance (RLTO) of the City of Chicago (Chicago Municipal Code § 5-12-010 *et seq.* (amended Mar. 31, 2004)), constituting an unreasonable and unenforceable penalty, and plaintiff did not allege another statutory basis for damages. We affirm.

¶ 3    The following background is derived from the common law record, which contains plaintiff's complaint, subsequent pleadings by the parties, and the circuit court's docket entries, half-sheets, and written orders. The record lacks a report of proceedings or substitute therefor.

¶ 4    Pursuant to the lease, defendant leased premises on West Oakdale Avenue in Chicago (premises) from plaintiff beginning July 17, 2019. Monthly rent was $10,999.[1] Section 5 of the lease stated that if rent was not timely paid, "[t]he Monthly Rent shall be automatically increased by $10 plus 5% of the amount by which the rent exceeds $500, as additional rent if received by Landlord after 5th of the month for which it is due." Section 16 of the lease stated:

> "Tenant shall be liable for double the Monthly Rent in the event that Tenant retains possession of all or any part of the Premises after the Ending Date of this Lease. Landlord may at its sole option, upon written notice to Tenant, create a month-to-month tenancy between Landlord and Tenant under the same terms and conditions of this Lease. Additionally, if Tenant retains possession of all or any part of the Premises after the Ending Date of this Lease and pays less than double the Monthly Rent and Landlord accepts

_____

[1] The record on appeal does not include a copy of the lease. Our description of its content is derived from excerpts quoted in a "Memorandum of Rents" that plaintiff filed in the circuit court on April 8, 2021. The excerpts do not specify the duration of the lease.

payment, this shall become a month-to-month tenancy, and not a year-to-year tenancy, between Landlord and Tenant under the same terms and conditions of this Lease."

¶ 5    On December 2, 2019, plaintiff filed a complaint against defendant and unknown occupants seeking an eviction order. The complaint alleged that defendant wrongfully withheld possession of the premises and owed $10,999 for rent or damages.[2]

¶ 6    On January 22, 2020, defendant filed an "Affirmative Defense" claiming he was never served with a termination of tenancy notice, the premises had "substantial defective conditions," and plaintiff breached the implied warranty of habitability.

¶ 7    Also on January 22, 2020, defendant's counsel sent a settlement offer to plaintiff's counsel. The settlement offer, which is included in the record on appeal, proposed that

"Plaintiff shall pay $1,500.00 for the Defendant's attorney fees. [Defendant] shall vacate the premises by February 19, 2020 at midnight. Defendant shall waive the right to any Security Deposit and any interest thereon. Plaintiff shall dismiss all claims for back rent with prejudice.

Defendant shall waive the following claims pursuant to the RLTO:

$20,993.00 for Breach of the Implied Warranty of Habitability."

¶ 8    That same day, plaintiff countersigned the settlement offer without modification.

¶ 9    On January 31, 2020, and February 7, 2020, plaintiff filed motions to enforce the settlement. The former motion asserted that on January 24, 2020, counsel for defendant

---

[2] On December 20, 2019, plaintiff filed a motion to voluntarily dismiss the complaint without prejudice. Whether the circuit court ruled on that motion is unclear, but a case management order entered on January 9, 2020, states that the circuit court granted plaintiff leave to file an amended complaint. No amended complaint appears in the record on appeal.

represented that "she did not intend to be bound by the settlement offer and that the offer was made in error." On February 13, 2020, defendant filed a response arguing that the settlement offer contained a typographical error and should have reflected that defendant would vacate the premises on March 19, 2020. Defendant also argued that his attorney acted without authority by including the erroneous move-out date in the settlement offer and, further, the offer was unenforceable because it was not part of a judgment or contract.

¶ 10    On February 14, 2020, the court entered an agreed order stating that defendant waived all claims against plaintiff under the RLTO and state law, plaintiff would pay defendant $1500 in attorney fees, and plaintiff waived claims for unpaid rent contingent upon defendant voluntarily vacating the premises on or before March 19, 2020, at 11:59 p.m. According to the agreed order, if defendant failed to vacate the premises, plaintiff could pursue claims for unpaid rent and an "immediate order of possession enforceable instanter."

¶ 11    On May 27, 2020, plaintiff filed a "Motion to Enforce Agreed Judgment Order and for Order of Possession" (motion to enforce) alleging that defendant failed to vacate the premises on or before March 19, 2020. Subsequently, the court entered a series of orders continuing the proceedings due to "COVID-19 shutdown procedures."

¶ 12    On March 11, 2021, defendant filed a response to the May 27, 2020, motion to enforce arguing, *inter alia*, that the motion should be denied because defendant "did not understand all terms" of the agreed order. Defendant further argued the agreed order was "voided" by subsequent orders of the chief judge of the circuit court "banning eviction matters from being prosecuted." Plaintiff filed a reply on March 16, 2021, asserting that defendant could not contest the agreed

order because 30 days had passed since entry of the February 14, 2020, agreed order, and the pandemic did not relieve defendant's contractual obligations.

¶ 13   On March 18, 2021, the court entered a written order stating that, "[a]fter hearing all argument and reviewing all submissions, the Court finds that the February 14, 2020, Agreed Order is valid, binding and enforceable." Further, defendant was not a "covered person" under an executive order imposing a moratorium on evictions. The court granted plaintiff's motion to enforce the agreed order, entered an eviction order, and continued the matter to resolve plaintiff's rent claim.

¶ 14   On April 9, 2021, the court entered a written order stating that a hearing occurred for the "prove up of damages." According to the order, plaintiff testified and called defendant as an adverse witness. Defendant, however, refused to testify and was admonished that "all reasonable inferences may be drawn" from that decision. The order stated that exhibits at the hearing included the lease, checks tendered by defendant, a "Summary of Damages by Defendant," "Plaintiff's Memorandum of Damages," and a summary of water utility bills paid by plaintiff.[3]

¶ 15   Per the order, defendant stipulated that he occupied the premises from July 17, 2019, through the date of the hearing without paying rent since October 17, 2019, and also stipulated to the accuracy of the rent summary and utility bills "as additional rent." The order further specified that defendant did not call witnesses or present evidence, withdrew defenses pertaining to the offset of damages, and stipulated that executive orders relating to the pandemic neither excused his obligation to pay rent nor modified his lease obligations. The court noted that both parties

_____

[3] The exhibits are not included in the record on appeal.

presented oral argument, although defendant reserved argument regarding lease provisions for late fees and holdover rent, and continued the matter.

¶ 16    On April 12, 2021, the circuit court entered judgment for plaintiff totaling $539,717.36 for rents owed through April 9, 2021. Defendant filed a motion to reconsider, which the court denied. On May 7, 2021, the court amended the April 12, 2021, judgment to reflect that plaintiff was owed $646,285.86 in rent as of May 7, 2021.

¶ 17    On appeal, defendant argues that the circuit court erred when it (1) granted plaintiff damages under the lease where defendant was a tenant at sufferance rather than a holdover tenant; and (2) enforced late fees where the relevant lease provision violated the RLTO and constituted an unreasonable and unenforceable penalty, and plaintiff did not allege another statutory basis for damages.

¶ 18    On March 8, 2023, this court entered an order taking this case for consideration on the record and defendant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide a case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 19    As a preliminary matter, our review of defendant's appeal is hindered by his failure to provide a report of proceedings or acceptable substitute such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017).

¶ 20    As the appellant, defendant bears the burden of providing this court with a sufficiently complete record of the trial proceedings to support a claim of error, and any doubts arising from incompleteness of the record are resolved against defendant. *Foutch v. O'Bryant*, 99 Ill. 2d 389,

391-92 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a "sufficiently complete record" before it to review. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). That is, "[a]n issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Id.*

¶ 21    Here, the record on appeal reflects that the circuit court heard arguments and testimony and received evidence during proceedings on March 18, 2021, and April 9, 2021. Without a report of the proceedings or an acceptable substitute therefor, this court does not know the testimony, evidence, or arguments that were presented and the basis for the circuit court's order.[4] *Eastern Savings Bank v. Andrews-Lewis*, 2023 IL App (1st) 220413, ¶ 22. This, along with the absence from the record of the lease and the exhibits presented to the circuit court during the proceedings, precludes us from resolving defendant's claims on the merits. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. See *Foutch*, 99 Ill. 2d at 392. Consequently, we have no basis for disturbing the circuit court's judgment. *Id.* at 391-92

¶ 22    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 23    Affirmed.

---

[4] In addition to the record on appeal lacking a report of proceedings for the hearings on March 18, 2021, and April 9, 2021, the statement of facts in defendant's brief on appeal does not mention either proceeding. See Rule 341(h)(6) (eff. Oct. 1, 2020) (an appellant's brief shall contain a statement of "facts necessary to an understanding of the case, stated accurately and fairly without argument or comment").