2023 IL App (1st) 230721-U
Order filed: November 22, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-0721

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| MARIA I. REYNOSA, as Trustee of the Jose Reynosa Trust, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22 M1 717759 |
| JASON JOHNSON UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants | ) ) ) | Honorable James A. Wright Judge, presiding. |
| (Jason Johnson, Defendant-Appellant). | ) | |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Martin and Ocasio III concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We dismissed as moot defendant's appeal from the portion of the eviction order granting plaintiff possession of the residence. We were without a sufficient record to review defendant's other claims of error and affirm the damages portion of the eviction order.

¶ 2     Defendant, Jason Johnson, appeals *pro se* the circuit court's orders denying his motion to dismiss, granting possession of a residence located at 2355 S. Troy Street, Unit 1 Rear, Chicago, Illinois 60623 (Troy residence) to plaintiff-appellee, Maria I. Reynosa, as Trustee of the Jose Reynosa Trust, awarding plaintiff damages for unpaid rent, and denying his motion to reconsider. We find the record is inadequate to review the denials of defendant's motion to dismiss and motion

to reconsider. We dismiss as moot the portion of the eviction order granting plaintiff possession and affirm the award of damages.

¶ 3 On November 14, 2022, plaintiff filed a complaint against defendant and "unknown occupants" of the Troy residence claiming that it was entitled to possession of the premises. The complaint alleged that defendant breached the terms of his lease by failing to pay rent. The complaint further alleged that defendant owed $9000 through November 2022 and further sought court costs and additional rent or use and occupancy accruing at a rate of $900 per month. Plaintiff attached to the complaint a document titled "landlord's five day notice" (five day notice), which was directed at defendant and addressed to the Troy residence. The five day notice, signed by plaintiff, "as authorized representative of Isolda Reynosa" and dated September 2, 2022, informed defendant that he owed $7200 and demanded that he pay the full amount within five days and if he did not, his lease would be terminated. Also attached to the complaint was an affidavit of service explaining that the five day notice was personally served on defendant on September 2.

¶ 4 On December 22, a licensed process service personally served defendant at the Troy residence with an alias summons, which provided contact information for the Clerk of the Circuit Court of Cook County and several legal aid providers and information on how to appear in court electronically.

¶ 5 After the initial case management conference, on January 12, 2023, the circuit court entered a written order noting that defendant and plaintiff's counsel appeared in person. The order referred the case to the Early Resolution Program (ERP) for assessment and provided the parties with the contact information for ERP. The order further provided instructions for appearing remotely at future proceedings. The case was continued to February 9, 2023 for a status hearing.

¶ 6    On January 30, 2023, defendant filed a *pro se* appearance, certified under 735 ILCS 5/1-109 (West 2022), listing his address as 3143 S. Racine Avenue, Unit Basement, Chicago IL 60608 (Racine residence), which he used on his pleadings throughout the case. Defendant also filed an unverified "motion to dismiss for lack of jurisdictions [*sic.*]". The motion to dismiss essentially argued that plaintiff lacked standing to sue as trustee; the motion was not supported by affidavits or exhibits and did not contain coherent legal arguments. Defendant noticed the motion to dismiss for February 9.

¶ 7    On February 9, the circuit court entered a written order transferring the case to the Presiding Judge of the First Municipal District of the Circuit Court of Cook County for assignment to a trial room. The order stated that the case was not settled under ERP and the motion to dismiss was entered and continued to the next scheduled status date. On February 15, by written order, the court set the case for a hearing on March 2, in courtroom 1402.

¶ 8    On March 2, the court entered two written orders. In the first order, the court, noting that defendant did not appear, entered a default judgment against defendant, which granted plaintiff possession of the Troy residence, directed defendant to move out of the premises by March 9, 2023, and awarded plaintiff damages in the amount of $13,125 (eviction order). In a second order, the court denied defendant's motion to dismiss. The record on appeal does not contain a report of proceedings for this court date.

¶ 9    On March 20, defendant filed a "motion to reconsider the judgment March 2, 2023" arguing that the circuit court should reverse the judgment because defendant did not receive notice of the court date. On April 14, by written order, the court denied defendant's motion to reconsider.

¶ 10   Defendant has appealed.

¶ 11 As an initial matter, we have an independent duty to consider our jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). The notice of appeal "is the jurisdictional step which initiates appellate review" (internal quotation marks omitted) (*General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011)) and "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court" (Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017)). If the notice of appeal is not proper, this court "lacks jurisdiction over the matter and is obligated to dismiss the appeal." *Pappas*, 242 Ill. 2d at 176.

¶ 12 Defendant's notice of appeal states that he is appealing from orders which were entered on: March 2, March 29, and April 4, 2023. Defendant also attached the circuit court's April 14, 2023 order denying his motion to reconsider the notice.

¶ 13 The orders entered on March 2 were the eviction order and the denial of defendant's motion to dismiss and are clearly delineated in the notice of appeal. The record does not include an order entered on March 29 and there is nothing to indicate defendant intended to appeal from an order which was entered on a different date.

¶ 14 On April 4, the court issued an order which continued defendant's motion to reconsider to April 14. Thereafter, on April 14, the circuit court denied defendant's motion to reconsider and reaffirmed the circuit court's eviction order and judgment entered on March 2. The April 14 order was attached to the notice of appeal and gave this court and plaintiff notice that defendant was appealing from that order. We may construe the April 4 date listed on the notice of appeal as a typographical error because it is clear that defendant intended to appeal the April 14 order. See *In re Marriage of Ramsey*, 339 Ill. App. 3d 752, 755-56 (2003) (excusing the incorrect date of the order being appealed because the correct date appeared in another part of on the notice).Therefore,

we find that defendant has taken the initial "jurisdictional step" to appeal the March 2 and April 14 orders.

¶ 15    On appeal, defendant argues that he was not provided notice of the March 2 court date and therefore this court should vacate the order denying his motion to dismiss, reverse the eviction order, and remand for a determination as to plaintiff's standing.

¶ 16    Plaintiff, in the appellee brief, argues that defendant's appellant's brief should be stricken for failure to comply with nearly every requirement of Illinois Supreme Court Rules 341 (eff. Oct. 1, 2020) and 342 (eff. Oct. 1, 2019). Plaintiff also argues that defendant has failed to provide an adequate record and failed to show that he had met the standards for vacating a default judgment. Lastly, plaintiff argues that the question of possession is moot as plaintiff no longer resides at the Troy residence. Defendant did not file a reply brief and has not otherwise responded to plaintiff's arguments to the inadequacy of the record and requests to strike his brief and dismiss a portion of the appeal.

¶ 17    First, we review the sufficiency of the record on appeal. Defendant, as the appellant, has the burden to present an adequate record of the trial proceedings which would allow this court to determine whether the eviction order was entered in error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Id.* at 392. This is because in order to determine whether there was actually an error, a reviewing court must have a "sufficiently complete record" before it to review. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). That is, "[a]n issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Id.*

¶ 18 Here, the record on appeal reflects that the circuit court held a proceeding on March 2, when the defendant's motion to dismiss was denied and the eviction order was entered. Defendant has not provided a transcript or a proper substitute for the transcript under Illinois Supreme Court Rule 323 (eff. July 1, 2017). Without reports of the proceedings or acceptable substitutes, this court does not know the evidence or arguments that were presented and the basis for the circuit court's decisions. *Eastern Savings Bank v. Andrews-Lewis*, 2023 IL App (1st) 220413, ¶ 22. As a result, we are without a record of the basis or the grounds for entering the relief and the evidence or arguments presented to the circuit court when it made its decision to enter the default eviction order which awarded possession and damages to plaintiff and the order denying defendant's motion to dismiss. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly considering the evidence before it. See *Fouch*, 99 Ill. 2d at 392.

¶ 19 Next, we consider the adequacy of defendant's appellant's brief, which was required to comply with the provisions of Illinois Supreme Court Rules 341 (eff. Oct. 1, 2020) and 342 (eff. Oct. 1, 2019). *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Where a brief fails to substantially comply with the applicable rules and frustrates our understanding and review of the appeal, we may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77.

¶ 20 Plaintiff has provided a list of various deficiencies in defendant's brief. Most compelling are plaintiff's contentions that defendant's brief contains an incomplete recitation of the facts, no citations to the record, no appendix, and no legal authority addressing his failure to appear.

¶ 21 Rule 341(h)(6) requires the appellant to include a statement of facts, "which shall contain the facts necessary to an understanding of the case *** and with appropriate reference to the pages of the record on appeal ***." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Rule 341(h)(7) states that the appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with

citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Rule 342 requires the appellant to provide, as an appendix, a copy of the notice of appeal, the judgment appealed from, any findings of fact or opinions issued by the trial court, and any relevant pleadings. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). This court "is entitled to have briefs submitted that are articulate, organized and present a cohesive legal argument in conformity with supreme court rules." *Schwartz v. Great Central Insurance Co.*, 188 Ill. App. 3d 264, 268 (1989).

¶ 22    Defendant provided an incohesive and incomplete recitation of the procedural history, failed to provide facts necessary to an understanding of the case, made no references to the record, and failed to provide a proper appendix. Defendant further failed to provide cohesive legal arguments with citations to relevant law. The inadequacy of the brief will be considered in any analysis of the merits of this appeal.

¶ 23    We next consider whether plaintiff's contention that the issue of possession is moot. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 ( 2004). Whether a case is moot is an issue we review de novo. *Benz v. Department of Children and Family Services*, 2015 IL App (1st) 130414, ¶ 31.

¶ 24    The purpose of an eviction claim is to determine "which party is entitled to immediate possession and whether a defense which is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession." *First Illinois Bank & Trust v. Galuska*, 255 Ill. App. 3d 86, 90 (1993). The eviction order granted plaintiff possession of the Troy residence and required

defendant to relinquish possession by March 9, 2023. According to the record, defendant lives at a new address, the Racine residence, which he used for court filings beginning on January 30, 2023. Further, plaintiff, in arguing that the issue is moot, stated that "Defendant no longer resides in the property." Therefore, defendant's appeal from that part of the eviction order which granted possession to plaintiff is moot. See *Circle Management LLC v. Oliver*, 378 Ill App 3d 601, 607 (2007) (holding that the appeal of a forcible entry and detainer action was moot where the trial court had entered a possession order and the appellant had moved out but applying the public interest exception to the mootness doctrine); see also *Georgakopoulos v. Blake1*, 2022 IL App (1st) 210668-U, ¶¶ 26-27 (citing *Circle Management LLC* in finding that the issue of possession of the premises was moot because defendants already had been evicted from the premises). Because defendant never responded to the arguments in plaintiff's brief that the appeal is moot, he has forfeited any challenges to the application of the mootness doctrine or any claim that an exception to the mootness doctrine exists as to the possession order. *Department of Central Management Services/Department of State Police v. Illinois Labor Relations Board*, 2012 IL App (4th) 110356, ¶ 26. We dismiss the appeal from that portion of the eviction order as moot.

¶ 25    However, the eviction order also awarded damages to plaintiff for unpaid rent and costs, which was not rendered moot by defendant moving from the Troy residence. As we have discussed, defendant has not presented this court with an adequate record on appeal or a brief in compliance with Rule 341 and 342. Therefore, we have no basis for disturbing the circuit court's judgment as to the damages. *Fouch*, 99 Ill. 2d at 392.

¶ 26    Lastly, the record further reflects that the circuit court held another proceeding on April 14, when defendant's "motion to reconsider" was denied. Defendant has not provided a transcript or proper substitute for the transcript and we therefore must presume that the court acted in

conformity with the law and ruled properly in considering the evidence before it. *Id.* We have no basis for disturbing the circuit court's order denying defendant's motion to reconsider.

¶ 27    For the foregoing reasons, the appeal from the portion of the circuit court's judgment granting possession to plaintiff is dismissed as moot and the remainder of the circuit court's judgment is affirmed.

¶ 28    Affirmed in part and dismissed in part.